UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MICHIGAN


JACK McCOOL,

      Plaintiff,

vs.

OPERATIVE PLASTERERS' AND CEMENT MASONS'
INTERNATIONAL ASSOCIATION,


      Defendant.

Case No.
Hon.

_____/

Eric I. Frankie (P47232)
Attorney for Plaintiff
535 Griswold, Suite 1650
Detroit, MI 48226
(248) 219-9205

_____/


**COMPLAINT AND JURY DEMAND**

      I.      PARTIES, JURISDICTION AND VENUE

1. Plaintiff Jack McCool ("Plaintiff") is a 59 year old male and is a member a protected class under the Age Discrimination in Employment Act, 29 U.S.C. §621 et. seq.

2. Defendant Operative Plasterers' and Cement Masons' International Association ("Defendant") is a labor organization doing business in the State of Michigan and is a "person" within the meaning of 42 U.S.C. §2000e(a) and an employer within the meaning of 42 U.S.C. §2000e(b).

3. This Court has jurisdiction of this action under 42 U.S.C. §2000e-5(f), 28 U.S.C. § 1345 and 28 U.S.C. §1331.

4. The United States District Court for the Eastern District of Michigan is a proper venue for this action pursuant to 28 U.S.C. §1391(b), as a substantial part of the events or omissions giving rise to this action occurred in the Eastern District of Michigan.

## II.   GENERAL ALLEGATIONS

5. On March 11, 2001, Plaintiff was hired by Defendant as a Business Agent for its affiliated Local No. 67. Plaintiff was thereafter promoted to the position of Business Manager of Local 67 because of his demonstrated abilities and leadership.

6. On June 27, 2012, Defendant, by its Vice President Dan Rauch ("Rauch"), notified Plaintiff that he would be demoted to a Business Agent position effective November 1, 2012, allegedly because of the merger of Local 67 with another of Defendant's locals, Local 514.

7. Rauch also advised Plaintiff that a younger, less-experienced person, Joel Santos, would be the new Business Manager of Local 514 after the merger.

8. Plaintiff questioned Rauch as to the reason why he, a more experienced Business Manager than Santos, was not going to be the Business Manager of the post-merger Local 514.

9. Rauch told Plaintiff that it was because of his age and that he was too old, or words to that affect.

10. On October 16, 2012, Plaintiff filed a Charge of Discrimination with the EEOC, Charge No. 471-2013-00155, to protest Defendant's proposed unlawful actions.

11. Plaintiff also notified Defendant on October 25, 2012 by letter from the undersigned that Defendant should not take any further actions of age discrimination against him.

12. In retaliation for Plaintiff's EEOC Charge filing and his letter protesting Defendant's unlawful discrimination, Defendant did demote Plaintiff to the Business Agent position on November 1, 2012 of its Local 514.

13. Defendant continued its age discrimination and retaliation towards Plaintiff by terminating him on July 22, 2013 notwithstanding Plaintiff's continued opposition to Defendant's unlawful conduct.

14. Plaintiff has exhausted his administrative remedies by filing a charge of discrimination with the EEOC. Plaintiff received a right to sue letter from the EEOC on May 22, 2013.

## II. COUNT I- ADEA CLAIMS

15. Plaintiff re-alleges and incorporates by reference the forgoing paragraphs as if fully set forth herein, line for line, and word for word.

16. Defendant has discriminated against Plaintiff on the basis of age (59 years old) in violation of the Age Discrimination in Employment Act, 29 U.S.C. §621 et seq., by, among other ways, subjecting Plaintiff to adverse employment actions, including termination, because of his age.

17. Defendant has also retaliated against Plaintiff for opposing actions that are unlawful under the Age Discrimination in Employment Act, 29 U.S.C. §621 et seq., by, among other things, terminating him.

## III. COUNT II-MCRA CLAIMS

18. Plaintiff re-alleges and incorporates by reference the forgoing paragraphs as if fully set forth herein, line for line, and word for word.

19. Defendant has discriminated against Plaintiff on the basis of age (59 years old) in violation of the Michigan Civil Rights Act, MCL §37.2101 et seq., by, among other things, subjecting Plaintiff to adverse employment actions, including termination, because of his age.

20. Defendant has also retaliated against Plaintiff for engaging in conduct that violates the Michigan Civil Rights Act, MCL §37.2101 et seq., by, among other things, terminating him.

WHEREFORE Plaintiff Jack McCool demands a trial by jury of all issues so triable pursuant to Rule 38 of the F.R.Civ.P. and §102 of the Civil Rights Act of 1991, prays that this Honorable Court award

him any and all damages as would fully compensate her for the injuries caused by Defendant's discriminatory conduct, pursuant to and within the statutory parameters of Age Discrimination in Employment Act and the Michigan Civil Rights Act and award him any additional relief as justice may require, including costs and attorney's fees.

Respectfully Submitted,

Dated: August 21, 2013                By:   s/Eric I. Frankie
                                      Eric I. Frankie (P47232)
                                      Attorney for Plaintiff
                                      535 Griswold, Suite 1650
                                      Detroit, MI 48226
                                      (248) 219-9205
                                      ericfrankie26@yahoo.com