UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACK MCCOOL,

                     Plaintiff,                        Civil Case No. 13-13614
                                                Honorable Linda V. Parker

v.

OPERATIVE PLASTERERS
AND CEMENT MASONS
INTERNATIONAL ASSOCIATION
OF THE UNITED STATES AND
CANADA, AFL-CIO,

                     Defendant.

_____/

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 43)

### I.

This is an employment discrimination case. Plaintiff Jack McCool ("Plaintiff") formerly worked for local affiliates of Defendant Operative Plasterers and Cement Masons International Association of the United States and Canada, AFL–CIO ("Defendant"). (Compl., ECF No. 1 at Pg. ID 2.) Plaintiff asserts that he was demoted and ultimately terminated by Defendant due to his age. (*Id.*) Pending before the Court is Defendant's motion for summary judgment, filed pursuant to Federal Rule of Civil Procedure 56. (Def.'s Mot., ECF No. 43.) A motion hearing

was held on January 7, 2015. For the reasons that follow, the Court **GRANTS** in part and **DENIES** in part Defendant's motion.

## II.

On March 11, 2001, Plaintiff was hired by Defendant as a Business Agent for its affiliated Local 67. (Compl., ECF No. 1 at Pg. ID 2.) Thereafter, Plaintiff was promoted to Business Manager. (*Id.*) On June 27, 2012, Defendant's Vice President, Dan Rauch, advised Plaintiff that Local 67 would be merging with another of Defendant's locals, Local 514, and that Plaintiff "would be demoted to a Business Agent position effective November 1, 2012." (*Id.*) Rauch also informed Plaintiff that Joel Santos, the then Business Manager of Local 514, would become the Business Manager of the merged entity. (*Id.*) When Plaintiff questioned Rauch as to why he was not chosen to be the Business Manager of the post-merger Local 514, Rauch allegedly told Plaintiff that "it was because of his age and that he was too old, or words to that affect." (*Id.*)  Subsequently, Plaintiff complained to the General President, Patrick Finley about the selection and the discriminatory reason for the decision, to which Finley told Plaintiff that "he ha[d] to go by [Vice President Rauch's] decision." (EEOC Charge of Discrimination, ECF No. 43-9 at Pg. ID 1114.)

On October 16, 2012, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC), asserting that he had been

demoted because of his age (59 years old at the time of demotion), in violation of

the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 621 et

seq. (*Id.*) Further, on October 25, 2012, Plaintiff notified Defendant via a letter

from his attorney that Defendant should not take "any further actions of age

discrimination against him." (Compl., ECF No. 1 at Pg. ID 2.) Plaintiff received a

right-to-sue letter from the EEOC on May 22, 2013. (ECF No. 43-10.)

On November 1, 2012, Defendant assigned Plaintiff to the Business Agent

position of Local 514, and on July 22, 2013, Defendant terminated Plaintiff.

Shortly afterwards, Plaintiff filed this lawsuit, (ECF No. 1.) Thereafter, Defendant

filed its motion for summary judgment. (ECF No. 43.)

## III.

Summary judgment must be granted if the pleadings and evidence "show

that there is no genuine issue as to any material fact and that the moving party is

entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A dispute over a

material fact is only a "genuine issue" if a reasonable jury could find for the

nonmoving party on that issue. *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d

1036, 1048 (6th Cir. 2001) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

248 (1986)). "In deciding a summary judgment motion, the evidence 'must be

viewed in the light most favorable to the party opposing the motion.'" *Snyder v.

Kohl's Dep't Stores, Inc.*, 580 F. App'x 458, 461 (6th Cir. 2014) (quoting

*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). Likewise, the burden of establishing the nonexistence of a material factual dispute always rests with the movant. *Id.* (citing *Smith v. Hudson*, 600 F.2d 60, 65 (6th Cir.1979)) (quotations omitted).

## IV.

Plaintiff's first claim (Claim 1) is that Defendant discriminated against him on the basis of age by: (a) demoting him; and (b) discharging him, in violation of both the ADEA, 29 U.S.C. § 621 et seq., and the Michigan state law corollary, the Elliot Larsen Civil Rights Act, MCL § 37.2201 et seq. (Compl., ECF No. 1 at Pg. ID 3.) Plaintiff's second claim (Claim 2) is that Defendant retaliated against him for filing the charge of discrimination and for sending the letter by: (a) demoting him; and (b) terminating him, also in violation of the same provisions of law previously mentioned. (*Id.*) The same analysis governs Plaintiffs claims under both the ADEA and the Elliot–Larsen Civil Rights Act. *Bondurant v. Air Line Pilots Ass'n, Int'l*, 679 F.3d 386, 394 (6th Cir. 2012) (citing *Geiger v. Tower Auto.*, 579 F.3d 614, 626 (6th Cir.2009)).

Defendant argues in its brief that it is entitled to summary judgment on various grounds. First, in support of this position, Defendant asserts that Plaintiff's charge of discrimination only addresses Claim 1(a), in which Plaintiff asserts Defendant discriminated against him on the basis of age by demoting him. Thus,

4

argues Defendant, Plaintiff has not exhausted his administrative remedies as to his other claims by filing a charge addressing those claims, noting that the ADEA and Michigan Civil Rights Act require a plaintiff to exhaust his or her administrative remedies prior to bringing a civil action. As a result, Defendant argues that Claims 1(b), 2(a), and 2(b) should be discharged. The Court agrees.

## V.

It is readily apparent that Claims 1(b) and 2(b) – in which Plaintiff argues that Defendant discriminated against him on the basis of age by terminating him and retaliated against him by terminating him – were not raised by Plaintiff in the charge he filed. It is not possible that Plaintiff could have included any information about his termination in his charge of discrimination, because his termination had not occurred at the time he filed the charge, nor had it even occurred by the time he received his right-to-sue letter.

## VI.

The Court now considers whether Defendant is entitled to summary judgment as to Claim 2(a), in which Plaintiff asserts Defendant retaliated against him by demoting him. Plaintiff did not check the appropriate box to indicate that the discrimination he experienced was ongoing. The Sixth Circuit has explained that a plaintiff's failure to check the appropriate box on an EEOC charge is not dispositive of whether he or she has satisfied the exhaustion requirement. *Dixon v.*

5

*Ashcroft*, 392 F.3d 212, 217–18 (6th Cir. 2004). Nevertheless, Plaintiff does not include language in his charge indicating that Defendant retaliated against him or that he was terminated, supporting this Court's determination that Defendant did not raise Claim 2(a) in the EEOC charge he filed. *See id.*

In the charge, Plaintiff was required to provide "the particulars" of his claim. Plaintiff explicitly states, "I believe I have been discriminated against and demoted because of my age, in violation of the Age Discrimination in Employment Act of 1967, as amended." (EEOC Charge of Discrimination, ECF No. 43-9 at Pg. ID 1114.) He makes no mention of retaliation. Plaintiff also explains that the discrimination was an isolated incident, occurring on June 27, 2012, during which he was told by Vice President Rauch that he was "selected for the demotion... because of [his] age." (*Id.*) Again, he provides no language indicating or even suggesting that he was retaliated against.

Additionally, Defendant deposed Plaintiff, and during the deposition, Plaintiff stated that he was told by Deanna Wooten, the EEOC Representative who investigated his charge, that "if any retaliation was done against [him]" he could re-file the charges (McCool Dep. 10:08-4:43, April 4, 2014, ECF No. 45-3 at 220), which suggests that at the time Plaintiff submitted his charge, he had not raised the issue of retaliation.

Furthermore, Plaintiff was informed that he would be demoted on June 27, 2013, prior to the May 22, 2013 filing of his EEOC charge. Thus, it would be impossible for Defendant to retaliate against Plaintiff by demoting him, given that Defendant's decision to demote Plaintiff prompted the filing of Plaintiff's EEOC charge. For the abovementioned reasons, the Court finds Plaintiff's charge did not address Plaintiff's claim that Defendant retaliated against him by demoting him.

## VII.

The Court must now determine whether Claims 1(b), 2(a), and 2(b) must be dismissed for failure to exhaust administrative remedies. Failure to timely exhaust administrative remedies is an appropriate basis for dismissal of an ADEA action. *Hoover v. Timken Co.*, 30 F. App'x 511, 512-13 (6th Cir. 2002). To exhaust administrative remedies under the ADEA, a plaintiff must file an EEOC charge within 180 days of the unlawful practice (or with the state agency within 300 days). *See* 29 U.S.C. § 626(d). Once the EEOC dismisses the charge and issues a right-to-sue letter, the plaintiff has ninety days to file a civil action. (*Id.*)

It is clear that Plaintiff failed to exhaust his administrative remedies as to Claims 1(b), 2(a), and 2(b). He did not timely file EEOC charges for these claims, because far more than 180 days have passed since the alleged discrimination. Further, because Plaintiff never filed a charge as to these claims, he obviously never received a right-to-sue letter for any of these claims.

The exhaustion requirement "is not meant to be overly rigid," and the "EEOC complaint should be liberally construed to encompass all claims reasonably expected to *grow out of the charge of discrimination*," *Randolph v. Ohio Dep't of Youth Servs.*, 453 F.3d 724, 732 (6th Cir. 2006) (citing *Haithcock v. Frank*, 958 F.2d 671, 675 (6th Cir.1992)) (internal quotation marks omitted) (emphasis added). As such, it is critical to note that the instant claims have discrete temporal boundaries, and are separate from Plaintiff's Claim 1(a). *See id.* The concept of retaliation is very different from the concept of discrimination on the basis of age, and is not reasonably expected to grow from the latter concept. Additionally, Defendant's termination was a separate happening from his demotion, and had not occurred at the time of the filing of his EEOC charge – nor had it occurred by the date of receipt of the right-to-sue letter – and thus, his termination could not have been expected to grow from his allegations in the charge. The charge solely addresses his claim that Defendant discriminated against him on the basis of age by demoting him. Therefore, because Plaintiff has failed to exhaust his administrative remedies as to Claims 1(b), 2(a), and 2(b), these claims cannot stand against Defendant.

## VIII.

The Court notes that while the summary judgment motion was pending, Plaintiff filed a subsequent charge with the EEOC alleging retaliation in violation

8

of the ADEA. The Court also notes that Plaintiff asserts that his ADEA Claims 1(b), 2(a), and 2(b) should not be dismissed for failure to exhaust administrative remedies because the Sixth Circuit in *Parry v. Mohawk Motors of Michigan*, 236 F.3d 299, held that "a plaintiff's failure to obtain a Right-to-Sue letter is not a jurisdictional defect but a condition precedent," and that "the defendant did not suffer any prejudice." (Pl.'s Supp. Br., ECF No. 58 at Pg. ID at 1689.)

Plaintiff's argument fails, given that the *Parry* holding is not relevant to the case at hand. Again, a plaintiff must file an EEOC charge within 180 days of the alleged unlawful practice. *See* 29 U.S.C. § 626(d). Plaintiff's subsequent EEOC charge is untimely. Plaintiff asserts that he was retaliated against by being terminated and demoted. Both of these happenings occurred more than 180 days prior to the filing of the subsequent charge. As previously mentioned, failure to timely exhaust administrative remedies is an appropriate basis for dismissal of an ADEA action. *Hoover*, 30 F. App'x at 512-13. Because the filing of the charge was not timely, it matters not whether the failure to obtain a right-to-sue letter is a jurisdictional defect or a condition precedent. Accordingly, the filing of this charge does not cure Plaintiff's failure to exhaust for purposes of this lawsuit.

## IX.

The Court now turns to Claim 1(a), in which Plaintiff asserts that Defendant discriminated against him on the basis of age by demoting him, and considers

whether Defendant is entitled to summary judgment as to this claim. Under the ADEA, the plaintiff bears the ultimate burden of persuading the fact-finder that the defendant discriminated against him, and may carry the burden for summary judgment by introducing either direct evidence that shows that the defendant was motivated by discriminatory intent in treating the plaintiff adversely, or by introducing indirect evidence that supports an inference of discrimination. *Brewer v. New Era, Inc.*, 564 F. App'x 834, 838 (6th Cir. 2014) (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 143 (2000); *Logan v. Denny's, Inc.*, 259 F.3d 558, 566–67 (6th Cir. 2001)).

"In discrimination cases, direct evidence is that evidence which, if believed, requires the conclusion that unlawful discrimination was at least a motivating factor in the employer's actions." *Id.* (citing *Laderach v. U–Haul of Northwestern Ohio*, 207 F.3d 825, 829 (6th Cir. 2000)) (further citations omitted). Direct evidence proves the existence of a fact without requiring any inferences. *Id.* (citations omitted). When a plaintiff establishes a claim of discrimination through direct evidence, the burden then shifts to the employer to prove by a preponderance of the evidence that it would have made the same decision absent the impermissible motive. *Id.* (citing *DiCarlo v. Potter*, 358 F.3d 408, 415 (6th Cir. 2004)).

In this case, Plaintiff asserts that there is direct evidence demonstrating that Defendant discriminated against him by demoting him because of his age. The Court agrees.

As previously indicated, direct evidence of discrimination is that evidence which, if believed, requires the conclusion that unlawful discrimination was at least a motivating factor in the employer's actions. *Id.* In considering Defendant's motion, the Court must accept Plaintiff's evidence as true and draw all reasonable inferences in his favor. *Id.* (citation omitted). Plaintiff asserts that when he asked why he was selected for the demotion, he was told by Vice President Rauch that "it was because of his age and that he was too old, or words to that affect." (Compl., ECF No. 1 at Pg. ID 2; EEOC Charge of Discrimination, ECF No. 43-9 at Pg. ID 1114.) Rauch's statement makes readily apparent the fact that discrimination was a motivating factor in the demotion.

Defendant fails to establish by a preponderance of evidence that it would have made the same decision absent Plaintiff's age. Defendant asserts that Rauch made the selection of Joel Santos as opposed to Plaintiff as the post-merger Local 514 Business Manager because: (1) at the time of the merger, Santos was the then Business Manager of Local 514; (2) Local 67, of which Plaintiff was the Business Manager, was comprised of all plasterers, and the majority of post-merger Local 514 members would be comprised of cement masons; (3) Plaintiff would have had

11

difficulty winning re-election given the cement mason majority; and (4) Plaintiff lacked familiarity with the various groups with which local 514 leadership interfaced. (Def.'s Mot., ECF No. 43 at Pg. ID 935.)

Despite Defendant's assertions, having drawn all reasonable inferences in Plaintiff's favor, Rauch's impermissible statement that Plaintiff was "too old" to be Business Manager of the post-merger Local 514 nonetheless provides direct evidence that Plaintiff's age was *at least a motivating factor* in the decision to demote Plaintiff. Such a statement objectively if made could have undoubtedly influenced Rauch's decision to select Santos and to demote Plaintiff – even if other factors in addition to Plaintiff's age were considered by Rauch in reaching his decision.

Rauch was closely involved in the decision to demote Plaintiff. Defendant in its brief concedes that "[Vice President Rauch] recommended, to the International leadership, that Joel Santos continue to be the [Business Manager] of Local 514, as opposed to Jack McCool replacing Santos." (Def.'s Mot., ECF No. 43 at Pg. ID 934.) As mentioned above, Defendant then provides the factors Rauch considered when he made the selection of Santos as opposed to Plaintiff. When Plaintiff complained to Defendant's General President Patrick Finley about the discriminatory nature of the decision, he was told by Finley that he had to follow "his V.P.'s decision." (EEOC Charge of Discrimination, ECF No.43-9 at Pg. ID

1114.) Defendant asserts he was not the decision maker in the decision to merge Local 67 into Local 514. (Def.'s Mot., ECF No. 43 at Pg. ID 935.) This is irrelevant, given that at issue is the decision to demote Plaintiff. Accordingly, because Plaintiff has produced direct evidence of age discrimination by Defendant, Defendant is not entitled to summary judgment as to Claim 1(a) in light of the above record.

Therefore, for the foregoing reasons, summary judgment is **GRANTED** as to Claims 1(b), 2(a), and 2(b), and summary judgment is **DENIED** as to Claim 1(a) in which Plaintiff asserts that Defendant discriminated against him on the basis of age by demoting him.

**SO ORDERED.**

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: February 3, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, February 3, 2015, by electronic and/or U.S. First Class mail.

s/ Richard Loury
Case Manager

13