UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACK MCCOOL,

        Plaintiff,        Civil Case No. 13-13614
                                 Honorable Linda V. Parker

v.

OPERATIVE PLASTERERS
AND CEMENT MASONS
INTERNATIONAL ASSOCIATION
OF THE UNITED STATES AND
CANADA, AFL-CIO,

        Defendant.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION [ECF NO. 61]

On February 3, 2015, this Court issued an opinion and order dismissing all claims except for Claim 1(a), Plaintiff's claim that Defendant discriminated against him on the basis of age by demoting him. Presently before the Court is Defendant's motion for reconsideration. For reasons that follow, the Court **DENIES** Defendant's motion.

**I.**

**A. Standard of Review**

Rule 7.1 of the Local Rules for the Eastern District of Michigan provides the Court's standard of review:

1

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. LR 7.1(h)(3).

Palpable defects are those which are "obvious, clear, unmistakable, manifest or plain." *Mich. Dep't of Treasury v. Michalec*, 181 F.Supp.2d 731, 734 (E.D.Mich.2002). "It is an exception to the norm for the Court to grant a motion for reconsideration." *Maiberger v. City of Livonia*, 724 F.Supp.2d 759, 780 (E.D.Mich.2010). "[A] motion for reconsideration is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier but were not." *Smith ex rel. Smith v. Mount Pleasant Pub. Sch.*, 298 F.Supp.2d 636, 637 (E.D.Mich.2003) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir.1998)).

## B. Analysis

In determining that summary judgment was not warranted as to Plaintiff's claim that Defendant discriminated against him on the basis of age by demoting him, the Court relied on the 2014 Sixth Circuit decision, *Brewer v. New Era, Inc.*, 564 F. App'x 834 (6th Cir. 2014), in which the court held the following:

> Under [Title VII and the ADEA], Plaintiffs bear the ultimate burden of persuading the fact-finder that Defendant discriminated against

2

them. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 143, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000). Plaintiffs may carry the burden for summary judgment by introducing either direct evidence that shows Defendant was motivated by discriminatory intent in treating Plaintiffs adversely, or by introducing indirect evidence that supports an inference of discrimination. *Logan v. Denny's, Inc.*, 259 F.3d 558, 566–67 (6th Cir. 2001).

"In discrimination cases, direct evidence is that evidence which, if believed, requires the conclusion that unlawful discrimination was at least a motivating factor in the employer's actions." *Laderach v. U–Haul of Northwestern Ohio*, 207 F.3d 825, 829 (6th Cir. 2000) (quoting *Jacklyn v. Schering–Plough Healthcare Prods. Sales Corp.*, 176 F.3d 921, 926 (6th Cir. 1999)) (citations omitted). Direct evidence does not require the fact-finder to make "any inferences or presumptions." *Id.* In this instance, that would mean evidence that, if believed, requires a finding that Plaintiffs were laid off by Defendant at least in part because of their race or age. *See Bartlik v. U.S. Dep't of Labor*, 73 F.3d 100, 103 n. 5 (6th Cir. 1996).

We have defined direct evidence as "evidence that proves the existence of a fact without requiring any inferences." *Rowan v. Lockheed Martin Energy Sys., Inc.*, 360 F.3d 544, 548 (6th Cir. 2004). When a plaintiff establishes a claim of discrimination through direct evidence, "the burden shifts to the employer to prove by a preponderance of the evidence that it would have made the same decision absent the impermissible motive." *DiCarlo v. Potter*, 358 F.3d 408, 415 (6th Cir. 2004) (addressing national-origin-discrimination claim; quoting *Weigel v. Baptist Hosp. of E. Tenn.*, 302 F.3d 367, 382 (6th Cir. 2002)); *Manzer v. Diamond Shamrock Chems. Co.*, 29 F.3d 1078, 1081 (6th Cir. 1994) (citing *Price Waterhouse v. Hopkins*, 490 U.S. 228, 244–45, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989)).

*Brewer v. New Era, Inc.*, 564 F. App'x at 838–39.

Defendant asserts that the Court committed palpable error in applying the standard for Title VII claims to a claim of age discrimination under the

ADEA, in light of the 2009 United States Supreme Court decision *Gross v. FBL Fin. Servs., Inc.* 557 U.S. 167 (2009). Defendant's assertion fails because Defendant is unable to show that correcting the defect would result in a different disposition of the case, as required by Local Rule 7.1(h)(3).

In *Gross*, the Supreme Court held that in any ADEA disparate-treatment action, a plaintiff "must prove, by a preponderance of the evidence (which may be direct or circumstantial), that age was the "but-for" cause of the challenged adverse employment action. *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. at 178. Further, the Supreme Court held that "the burden of persuasion does not shift to the employer to show that it would have taken the action regardless of age, even when a plaintiff has produced some evidence that age was one motivating factor in that decision." *Id.* at 180.

If the Court would have applied the *Gross* holding to the instant action, the outcome would have been the same, given that summary judgment still would not have been warranted as to Plaintiff's claim 1(a) – in which Plaintiff asserts that Defendant discriminated against him on the basis of age by demoting him.

In considering a defendant's motion for summary judgment, the court must accept the plaintiff's evidence as true and draw all reasonable inferences in the plaintiff's favor. *Celotex Corp. v. Catrett*, 477 U.S. 317,

324 (1986). It is readily apparent that the evidence, construed in Plaintiff's favor, demonstrates that he would not have been demoted but-for his age. Plaintiff does not assert that he suffered an adverse employment action because of any permissible considerations, mixed motive scenarios, or any of the theories proffered by Defendant. Rather, concerning his demotion, Plaintiff asserts that he was told by Vice President Rauch that "it was because of his age and that he was too old, or words to that affect" that he was demoted. (Compl., ECF No. 1 at Pg. ID 2; EEOC Charge of Discrimination, ECF No. 43-9 at Pg. ID 1114.)

For reasons stated in this Court's prior opinion and order, Rauch's statement to Plaintiff constitutes direct evidence to establish a claim that Defendant discriminated against Plaintiff by demoting him because of Plaintiff's age. (ECF No. 59 at Pg. ID 1701.)

As a correction of the purported defect would not have resulted in a different disposition of the case, as required by Local Rule 7.1(h)(3), the Court **DENIES** Defendant's motion for reconsideration.

**SO ORDERED**.

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: September 16, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, September 16, 2015, by electronic and/or U.S. First Class mail.

                                              s/ Richard Loury
                                              Case Manager